IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:17-CR-201- |
| | § | ALM |
| JIMMY LEWIS PERKINS (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Jimmy Lewis Perkins's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 7, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Lesley Brooks.

Defendant was sentenced on November 23, 2015, before The Honorable James H. Payne of the Eastern District of Oklahoma after pleading guilty to the offense of Failure to Register as a Sex Offender, a Class C felony. This offense carried a statutory maximum imprisonment term of ten (10) years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Defendant was subsequently sentenced to 15 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration; mental health aftercare; sex offender aftercare; restricted from being at any residence where minors are present; submit to search; substance abuse aftercare; and a $100 special assessment. On September 11, 2017, Defendant completed his period of imprisonment and began service of the supervision term. On December 1, 2017, jurisdiction was transferred to the Eastern District of Texas and assigned to the Honorable Amos L. Mazzant III. On November 16, 2017, Defendant's conditions of

supervision were modified to include a restriction from viewing sexually explicit material. On September 26, 2019, Defendant's term of supervised release was revoked for committing the offense of Sex Offender Duty to Register Life/Annually, Repeat Offender in Lamar County, Texas; residing at a residence that is prohibited; and submitting a urine specimen that was positive for opiates. He was subsequently sentenced to 8 months of imprisonment followed by a 4-year term of supervised release. This term of supervised release is subject to the standard conditions of supervision, plus special conditions to include substance abuse aftercare; sex offender aftercare; prohibited from contact with minors; prohibited from viewing sexually explicit material; and submit to search. On January 21, 2020, Defendant's conditions of supervision were modified to include placement in a residential reentry center for up to 180 days to allow him time to secure a suitable residence. On March 20, 2020, Defendant completed his term of imprisonment and began service of his second term of supervised release. On April 8, 2020, Defendant's conditions of supervision were modified to include mental health aftercare; subsistence fee waiver for the residential reentry center; and requirement to submit 25% of gross earnings each month toward a savings account.

On August 6, 2020, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 23, Sealed]. The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) You must answer truthfully the questions asked by your probation officer; (2) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected

change; and (3) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of days to commence upon release from confinement and must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released [Dkt. 23 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On August 4, 2020, Defendant advised the probation officer he would be staying at the American Inn in Tyler, Texas, following his discharge from the halfway house on August 4, 2020. Defendant left the halfway house by taxi and was taken to the Greyhound Bus Station in Tyler, with his destination unknown; (2) On August 4, 2020, Defendant was approved to go to the American Inn in Tyler, Texas to reside while other residence arrangements were being made. Defendant never went to the American Inn and, as of this writing, his whereabouts are unknown; and (3) On August 4, 2020, Defendant was discharged unsuccessfully from County Rehabilitation Center for violating rules of the facility. Defendant received three (3) incident reports since his arrival on March 20, 2020. The incident reports noted Defendant violated a condition of a community program on two (2) occasions, and possessed an item not authorized and not issued to him through regular channels on another occasion. [Dkt. 23 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations of the Petition. Having considered the Petition and the plea of true to allegations 1 through 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 33].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, plus thirty-seven (37) days of unserved community confinement, for a total imprisonment term of 9 months and 37 days, with a term of supervised release of three (3) years to follow.

The Court further recommends the imposition of the following special conditions: (1) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program; (2) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program; (3) You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense; (4) You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you

must perform 3 hours of community service for each unpaid session; (5) You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer; (6) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; and (7) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in FCI Fort Worth, if appropriate.

**SIGNED this 24th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE