# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:17-CR-201-ALM-KPJ |
| | § | |
| JIMMY LEWIS PERKINS (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Jimmy Lewis Perkins's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on October 20, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Brent Andrus.

Defendant was sentenced on November 23, 2015, before The Honorable James H. Payne of the Eastern District of Oklahoma after pleading guilty to the offense of Failure to Register as a Sex Offender, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Defendant was subsequently sentenced to 15 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration, sex offender treatment, no contact with minors, search of person and property, drug testing and treatment, mental health treatment and a $100 special assessment. On September 11, 2017, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas. On November 16, 2017, Defendant terms of supervised release were modified to include restriction

from viewing of sexually explicit material. On December 1, 2017, jurisdiction was transferred to the Eastern District of Texas and assigned to The Honorable Amos L. Mazzant. On September 26, 2019, Defendant's term of supervised release was revoked for committing the offense of Failure to Register in Lamar County, Texas, living at an unapproved residence, and submission of a positive urine drug test. He was sentenced to 8 months imprisonment followed by 4-year term of supervised release. Defendant was released from imprisonment and began his second term of supervised release on March 20, 2020. On June 25, 2021, Defendant's term of supervised release was revoked again and he was sentenced to 9 months plus 37 days of imprisonment followed by an additional 3-year term of supervised release. On April 1, 2022, he completed his imprisonment term and began serving the term of supervised release.

On August 26, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 44, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) You must participate in sex offender treatment services. These services may include pyscho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; and (2) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours [Dkt. 44 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant failed to complete a sex offender evaluation with Liles Arnold in Plano, Texas, on July 5th, and August 17,

2022; and (2) On August 12, 2022, Defendant was questioned by the Gainesville, Texas, Police Department in connection with a traffic violation where he was in the vehicle with three other occupants, with the driver receiving a citation for driving without a valid license. Defendant failed to report his contact with law enforcement officers to his probation officer [Dkt. 44 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegation 2 of the Petition. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 55, 56].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE